UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

Joshua Coats and Bernard Brady,

      Plaintiffs,

v.

Dolphin Holding Investment Corp.
d/b/a Action Sod and Barbara Lopez,

      Defendant.
_____/

**COMPLAINT**

Plaintiffs, Joshua Coats and Bernard Brady, by and through their undersigned attorney, files this Complaint against Defendants, Dolphin Holding Investment Corp. d/b/a Action Sod, a Florida corporation, and Barbara Lopez, individually (collectively "Defendants"), and states as follows:

**PARTIES, VENUE, and JURISDICTION**

1. This is an action to recover unpaid overtime, and minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA") as well as regular wages under Florida contract law.

2. The court has jurisdiction based on 29 U. S.C. §216(b).

3. Plaintiffs, Joshua Coats and Bernard Brady (hereinafter referred to as "Plaintiffs"), were employees of Defendants. They were paid by Defendants, performed work for Defendants, and the individual Defendants gave them regular instruction on how to perform their job.

4. Defendant Dolphin Holding Investment Corp d/b/a Action Sod (hereinafter referred to as "Corporate Defendant") is a landscape and garden business operating in Miami. By way of operating this business, Corporate Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Defendant does business under the name Action Sod.

5. Defendant Barbara Lopez has the title of President of the Corporate Defendant. She was responsible for paying (and not paying) Plaintiffs, directly contacted Plaintiffs regarding their work and pay, dispatched Plaintiffs to jobs, and even showed up to jobsites to personally direct Plaintiffs. She is considered an employer of Plaintiffs under the FLSA.

6. Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7. Upon information and belief, Defendants exceeds the $500,000 annual gross revenue threshold needed to be a covered enterprise under the FLSA.

8. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiffs were employed in the District, and all of the allegations in this Complaint occurred in the District.

9. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

**FACTS**

10. Plaintiff Brady was hired by Defendants in 2021 to perform landscaping installation work including installing pavers. After a few months, Mr. Brady was asked by Defendants to bring in another worker. He was able to find Plaintiff Coats. Both worked for Defendants until September 2021.

11. At no point in this hiring process did Defendant request any proof of insurance of any kind from Plaintiffs.  At no point did Plaintiffs assume anything but being employees covered by the worker's compensation insurance and any other insurance of the Corporate Defendant.

12. Defendants required Plaintiffs to be at job sites each day by 7 am.  These job sites were chosen by Defendants based on what job they had scheduled that day.  Plaintiffs were given instructions of how to complete each job by Defendants.  On many occasions, Defendants had other employees come out to the job sites to supervise, instruct, and/or assist with the work.  The supervision and instruction was regularly done by Defendant Lopez.

13. The tools and materials for each day's work were provided by Action Sod.

14. Plaintiffs were regularly scheduled to work Monday through Friday, but also worked occasionally on Saturdays.  Their schedule was supposed to be from 7am to 4pm every day, but they were regularly required to work past this time in order to complete their tasks.  Each Plaintiff averaged approximately 50 hours of work per week.

15. Plaintiffs were required to show up for work every day and not to be late.  Plaintiffs had no discretion in when to begin their work, end their work, or what days to schedule their work.

16. Plaintiffs received $120 per day each for their work.  At approximately 50 hours per week.  This comes to $12 per hour.  This makes their overtime rate $18 per hour.

17. Plaintiffs were never paid overtime.

18. From August 20 to September 3, 2021, Plaintiffs were simply not paid by Defendants.  They were not paid overtime, not paid minimum wages, and not paid any wages at all

despite continuing to work approximately 50 hours per week.

19. Plaintiff Brady attempted to contact Defendants about this missing money but was denied. In doing so, Defendants made it clear that Plaintiffs would not work for Defendants again.

20. Plaintiffs were terminated without being paid for their final two weeks of work. Pay for this work is still outstanding as of this filing.

21. The FLSA mandates that a non-exempt employee be paid 1.5x the regular rate of pay for any hours worked over 40 in a work week.

22. Should Defendants claim Plaintiffs are not covered by the FLSA because they are independent contractors. Whether an employee is considered an employee or independent contractor depends on the amount of control the employer has over the person in question. Presently, Defendants controlled the how, when, where, and for how much questions concerning Plaintiffs and their job. They were regularly scheduled to work doing whatever it was Defendants asked.

23. Further, under Florida law construction contractors like Defendants need to make sure that their subcontractors have workers compensation insurance before they begin any work. If they do not, then those subcontractors are considered the employees of the original contractor. Presently, Defendants not only never asked Plaintiffs for any proof of insurance (which has its own form) nor do Plaintiffs have any insurance.

24. Plaintiffs had agreed to work for Defendants for $12 per hour and have performed work. In doing so, they has entered into a contract for employment with Corporate Defendant.

25. By Plaintiffs working and the Corporate Defendant failing to pay wages, Corporate Defendant has breached its contract with Plaintiffs.

26. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in compliance with the FLSA and is liable for monetary damages.

27. Records of the number of hours worked each week by Plaintiffs are required to be in possession of Defendants.  However, Defendants did not accurately record the hours worked by Plaintiffs thus Defendants are not likely able to produce an accurate account of the hours actually worked by Plaintiff.

28. In determining payment policies, specifically not paying overtime or minimum wages to day wage workers working more than 40 hours per week, Defendants did not consult an attorney.

29. In determining payment policies, specifically not paying overtime or minimum wages to day wage workers working more than 40 hours per week, Defendants did not consult an accountant.

30. By intentionally failing to properly determine how overtime and minimum wage laws apply to Plaintiffs, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiffs in the form of liquidated damages.

31. Plaintiffs has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

32. Plaintiffs repeats and realleges Paragraphs 1 through 31 as if fully set forth herein.

33. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce within the meaning of the FLSA.

34. During their employment, Plaintiffs worked in excess of forty (40) hours per week for

which they were not compensated at the statutory rate of 1.5x their regular rate of pay for all of those hours worked.

35. Plaintiffs were entitled to be paid at the rate of 1.5x his regular rate of pay for all hours worked in excess of the maximum hours (40 hours) as they are employees under the FLSA.

36. Defendants failed to pay overtime wages to Plaintiffs for hours worked in excess of forty hours per week.

37. By failing to compensate Plaintiffs at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

38. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Defendants owe Plaintiffs for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x their regular rate of pay for each of those hours.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. Due to Defendants' willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiffs are entitled to liquidated damages.

42. Defendants knowingly and willfully failed to pay Plaintiffs 1.5x their regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiffs have suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206 (FAILURE TO PAY MINIMUM WAGE)**

43. Plaintiff incorporates herein paragraphs 1-31 above.

44. Under 29 U.S.C. §206, Defendants are required to pay a minimum wage to their employees.

45. During the time period of approximately August 20 through September 3, 2021 Plaintiffs were not compensated at the required minimum age for the state of Florida.

46. During 2021, the minimum wage for the state of Florida was $8.65 per hour.

47. During this period, Plaintiffs worked approximately 100 hours each and were not paid for this work.

48. This comes to an hourly rate of $0.00 for the week.  This is $8.65 below the minimum wage for each hour worked (plus overtime).

49. Plaintiffs were paid below minimum wage.  This amount is owed to Plaintiffs plus an additional equal amount in liquidated damages.

## COUNT III
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

50. Plaintiffs repeat and reallege Paragraphs 1 through 50 as if fully set forth herein.

51. At all times relevant, Defendants failed to pay Plaintiffs their owed overtime and minimum wages.

52. Plaintiff Brady complained to Defendants on his and Mr. Coats' behalf about the failure to pay wages in August and September 2021.

53. After Plaintiff complained about his owed overtime and minimum wages, Defendants made it clear to Plaintiff that not only would they not be paid, but that they would not work for Defendants again, effectively terminating their employment.

54. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

55. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" all Defendants are liable for damages against employee.

56. Any employee who is "discharged or in any other manner discriminated against" because he has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

57. At all relevant times, Plaintiffs were each an "employee" and Defendants were each an "employer" as those terms are defined by 29 U.S.C. § 203.

58. Defendants retaliated against Plaintiffs in violation of the FLSA by terminating Plaintiff s after Plaintiffs requested unpaid overtime wages.

## COUNT IV
## BREACH OF CONTRACT – UNPAID WAGES
### (Corporate Defendant)

59. Plaintiffs repeat and reallege Paragraphs 1 through 31 and 43 through 49 as if fully set forth herein.

60. Plaintiffs agreed to work for Corporate Defendant for a wage of $120 per day.

61. Corporate Defendant agreed to pay Plaintiffs $120 per day each for their work.

62. By the parties agreeing to this wage and Plaintiffs performing work, parties entered into a binding employment contract.

63. Corporate Defendant had performed on this contract by paying Plaintiffs $120 per day for several weeks.

64. However, Corporate Defendant has breached this contract by failing to pay Plaintiffs for two weeks of work between August 20 and September 3, 2021.

65. Corporate Defendant has failed to pay approximately $1,200 to each Plaintiff in wages.

66. Due to Corporate Defendant's breach of contract, Plaintiffs have suffered damages.

67. In addition to these damages, Plaintiffs are entitled to attorney's fees under Florida Statute 448.08.

WHEREFORE, Plaintiffs, Joshua Coats and Bernard Brady, respectfully request that judgment be entered in their favor against Defendants as follows:

A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Declaring that Defendants violated the minimum wage provisions of 29 U.S.C. § 206;

C. Awarding Plaintiffs overtime compensation;

D. Awarding Plaintiffs minimum wage compensation;

E. Awarding Plaintiffs all lost wages including front pay and back pay;

F. Awarding Plaintiffs liquidated damages;

G. Awarding Plaintiffs unpaid wages for breach of contract;

H. Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Florida Statute 448.08;

I. Awarding Plaintiffs post-judgment interest; and

J. Ordering any other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 3, 2022.

Respectfully submitted,

   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiffs